# Lee Litigation Group, PLLC
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

April 14, 2020

**<u>Via ECF</u>**
The Honorable Valerie Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

        Re:    *Veleva v. Tamburi Trattoria Ltd., et al.*
                  Case No. 19-cv-10078

Dear Judge Caproni:

      We are counsel to Plaintiff in the above-referenced matter and write in response to the Court's Order to Show Cause dated March 30, 2020 at Dkt. 15.

      First, we would like to apologize for the oversight in not adhering to the Court's Order dated February 28, 2020 at Dkt. 12, instructing Plaintiff to file for a Certificate Notation of Default by March 27, 2020. Unfortunately, it appears the date was missed due to inadvertent human error. The date by which to respond was calendared in our firm's system under the corporate identifier "Tamburi" although as a practice, we use a defendant's trade names to refer to matters internally, here, "Mercato" being the trade name of Defendant Tamburi Trattoria Ltd. Had the entry been properly calendared, we would have adhered to the Court's direction and applied for the certificate notation of default by the deadline.

      Secondly, we understand the Amended Complaint was filed more than 21 days after it was served. However, our understanding of Rule 15 was that the filing was timely, as pursuant to Rule 15(a)(1)(b) it is "a pleading to which a responsive pleading is required," and therefore, an amendment could be filed up to "21 days after service of a responsive pleading." Since it is a pleading to which a responsive pleading is required, but a responsive pleading has not yet been filed, our understanding was that the clock continues to run and we are still within the time to amend. If this is incorrect, we respectfully request the Court to accept the late filed Amended Complaint, *nunc pro tunc*, or grant Plaintiff leave to amend the complaint.

      Lastly, as the Court is well aware, due to the COVID-19 health crisis, restaurants are closed and restaurant workers are truly suffering, without any employment opportunities for the foreseeable future. As such, it is even more essential that such workers be able to pursue their rights to obtaining the past due compensation owed to them as the result of wage and hour violations. To this end, we urge the Court not to dismiss the instant action with prejudice, which would severely impact our client, and instead, either (i) accept the late Amended Complaint filing *nunc pro tunc* or grant Plaintiff leave to amend, or alternatively, (ii) permit Plaintiff to obtain the previously Ordered certificate notation of default within one week. In the event that

the Court is not willing to accept either proposal and believes dismissal is appropriate, we respectfully request permission to voluntarily dismiss the action *without* prejudice.

Respectfully submitted,

*/s/ Anne Seelig*
Anne Seelig, Esq.

cc: all parties via ECF