UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALENTINA VELEVA,<br>on behalf of herself and<br>FLSA Collective Plaintiffs<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>TAMBURI TRATTORIA LTD., and<br>FABIO CAMARDI,<br><br>　　　　　　　　　Defendants. | Case No.: 1:19-cv-10078 |

**DECLARATION OF ROBERT N. SWETNICK**
**IN OPPOSITION TO PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT**

　　　ROBERT N. SWETNICK, pursuant to the provisions of 28 U.S.C. § 1746, states:

　　　1.　　I am a partner with the law firm of Dunnington Bartholow & Miller LLP, counsel for the Defendants herein and submit this Declaration in opposition Plaintiff's motion for a default judgment.

　　　2.　　Movant's attorney has failed to advise this court of significant pertinent information, including:

　　　(a)　　When your deponent was initial advised of litigation (before the Amended Complaint was filed) I made numerous attempts to contact Plaintiff's counsel in order that this matter could be addressed and resolved.  See **Exhibits A and B**.

　　　Plaintiff's counsel advised me that they had not yet had an opportunity to "review the pertinent facts", as confirmed in my email of February 6, 2020, requesting that they advise their client not to contact other employees (see **Exhibit C**).

(b)     I provided Plaintiff with proof that when the Plaintiff had been employed for less than four months raised the issue of allegedly being due overtime and spread of hours pay, the Defendant immediately reviewed payroll records and issued checks, not only to the Plaintiff, but to all the employees for any alleged underpayment.  These checks were remitted to the Plaintiff prior to the Defendant allegedly being served in the instant action.  Plaintiff's counsel then acknowledged receipt of the checks and apparently amended the complaint to allege that money was not sufficient because it did not include "interest and liquidated damages" (see Clause 31 of the Amended Complaint).

(c)     As recently as May 2020 Defendant's counsel advised me that it would need to reschedule discussions regarding potential resolution. See **Exhibit D**.  It was my hope and intent to try to resolve this matter without imposing upon the Court's limited time and resources.  In fact, Plaintiff had acknowledged that her claim for back wages would be less than $15,000.00 (see **Exhibit E**).

(d)     Despite knowing that the Defendants had counsel, the Plaintiff did not advise us of the alleged default or the Court of our correspondence.

(e)     Plaintiff allegedly served an Amended Complaint on the Defendant during the coronavirus pandemic, while the restaurant was, pursuant to Executive Order, closed (and it remains closed to this date).  The Defendant was unaware of any request for a default, and Plaintiff's counsel did not have the courtesy to advise your deponent, despite the fact that it had prior communications with me regarding this matter.

3.     Defendant has a meritorious defense to this action.  Annexed hereto as **Exhibit F** is a Notice of Appearance and Answer which we seek to file on behalf of the Defendants *nunc pro tunc*.

-3-

4. Upon receiving a copy of the Order to Show Cause for Default Judgment, your deponent immediately contacted Plaintiff's counsel in order to attempt to have the motion withdrawn. To date, my telephone messages have not been returned.

WHEREFORE, it is respectfully requested that the motion be denied in all respects and that the Notice of Appearance and Answer be accepted *nunc pro tunc.*

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
September 29, 2020

                                                    */s/ Robert N. Swetnick*
                                                     Robert N. Swetnick