JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

**D. MAIMON KIRSCHENBAUM**
**Maimon@jk-llp.com**
**(212) 688-5639**

December 1, 2021

**VIA ECF**

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Re: *Veleva v. Tamburi Trattoria Ltd. et al,* No. 19-cv-10078**

Dear Judge Caproni:

Plaintiff submits this letter to respectfully request that the Court (1) approve the Parties' Settlement Agreement in this case because the settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim is fair and reasonable and (2) so order the Parties' Stipulation of Dismissal of all claims with prejudice. The parties' executed Settlement Agreement is submitted herewith as Exhibit A, and the executed Stipulation of Dismissal is attached as Exhibit 1 to the settlement agreement. *See generally Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).

Plaintiff was employed by Defendants as a server at Tamburi Trattoria for several months in late 2018 to mid-2019. Plaintiff's complaint was filed by prior counsel (C.K. Lee) on October 30, 2019. The gravamen of the Lawsuit is that (A) Plaintiff was paid less than the full minimum wage, but that Defendants were not entitled to a tip credit under New York law because they failed to provide adequate notice as required pursuant to NYCRR § 146-1.3; (B) Defendants failed to provide Plaintiffs with the appropriate wage notices required under the New York Wage Theft Prevention Act ("WTPA"), *see* N.Y. Lab. Law § 195(1); (C) Plaintiff worked one-half hour "off the clock" each shift for which she was not paid, and (D) Defendants did not pay her New York's "spread of hours" premium for shifts that she worked that were longer than ten (10) hours. *See* N.Y. Comp. Code R. & Regs. tit. 12, § 146-1.6.

During the course of litigation, Defendants produced evidence that early on in Plaintiff's employment—at the beginning of 2019, she did in fact receive a Notice and Acknowledgement of Rate of Pay, which included notice of the tip credit. As such, the remaining portions of Plaintiff's "hard damages" that she would have sought a trial were (a) her tip-credit damages from October 2018 through December 2018 (roughly $1,500), (b) her unpaid roughly 1.5 hours per week of employment, (roughly $500-1,000), and (c) one minimum wage hour shift for one

10-hour shift per week of employment (roughly $400). Plaintiffs would also have been entitled to penalties under the NYLL and WTPA.

After several negotiation discussion, Defendants, agreed to resolve this case for $5,000. Given the time and expense of litigation and the uncertainty of taking this matter to trial, Plaintiff accepted this amount as a reasonable resolution.

The attached Settlement Agreement is fair and reasonable and does not contain an overbroad release, confidentiality requirements, and/or non-disparagement provisions. *See e.g., Flores-Mendieta v. Bitefood Ltd.,* No. 15-CV-4997, 2016 U.S. Dist. LEXIS 53363, 2016 WL 1626630, at *2 (S.D.N.Y. Apr. 21, 2016) ("A FLSA settlement cannot offer the defendant a sweeping release from liability that would 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" (quoting *Cheeks*, 796 F.3d at 206) (J. Caproni); *Santos v. EL Tepeyac Butcher Shop Inc.,* No. 15-CV-814, 2015 U.S. Dist. LEXIS 168186, at *1 (S.D.N.Y. Dec. 15, 2015) (rejecting non-disparagement clause) (J. Caproni).

Plaintiff's attorneys' fees are also not excessive. Plaintiff's fees under the agreement are $1,500. This is less than 1/3 of the total recovery. See *Barro v Chokdee NYC Inc.* 2021 U.S. Dist LEXIS 216735, at *2 (SDNY Nov. 9, 2021) ("The Agreement therefore allocates one-third of the settlement amount to plaintiffs' counsel as attorneys' fees and reimbursement for expenses, which is common.")

For the foregoing reasons, the parties jointly request that the Court approve the FLSA Settlement Agreement, so order the stipulation of dismissal, and retain jurisdiction to enforce the terms of the settlement agreement. We thank the Court for its attention to this matter.

Respectfully submitted,

*D. Maimon Kirschenbaum*
D. Maimon Kirschenbaum

*Attorneys for Plaintiff*