UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
VALENTINA VELEVA, on behalf of herself and
FLSA Collective Plaintiffs,

                        Plaintiff,

        -against-

TAMBURI TRATTORIA LTD., and FABIO
CAMARDI,

                      Defendants.
------------------------------------------------------------------------ X

19-CV-10078 (VEC)(KNF)

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Valentina Veleva, on behalf of herself and FLSA Collective Plaintiffs, (the "Plaintiff") and Tamburi Trattoria Ltd. and Fabio Camardi (collectively "Defendants"). Plaintiff and Defendants are collectively referred to in this Agreement as the "Parties."

### RECITALS

**WHEREAS**, on October 30, 2019, Plaintiff, through her prior counsel, Lee Litigation Group, PLLC, commenced an action against Defendants by filing a complaint (the "Complaint") in the United States District Court, Southern District of New York (the "Court"), Docket No. 1:19–cv–10078-VEC-KNF (the "Action"), alleging, *inter alia*, that they worked as servers for Defendants; that Defendants failed to pay them minimum and overtime wages throughout their employment; that Defendants misappropriated gratuities; that Defendants failed to pay them spread-of-hours pay throughout their employment; that they regularly worked in excess of forty hours per workweek; that they were not provided with accurate wage statements with each payment of wages or with wage notices upon hiring and whenever their rate of pay changed;

**WHEREAS**, Plaintiff claims that, upon the facts alleged in the Complaint, she is entitled to recover from Defendants unpaid minimum and overtime wages, missapropriated tips, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs (collectively, the "Claims") pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Articles 6 and 19 of the New York Labor Law ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA"), NYLL §§ 195, 198;

**WHEREAS**, Defendants deny the allegations asserted by Plaintiff in her Complaint and deny that they have violated any applicable law, rule, regulation or statute;

**WHEREAS,** the Parties have exchanged information relating to the Claims in this Action, such as payroll, such that they have adequate information to assess the appropriateness of this Agreement and the merits of the Claims and Defendants' defenses;

**WHEREAS**, the Parties attended a court-mandated mediation session with mediator Richard G. Leland, on December 12, 2020 and March 11, 2021, and continued to negotiate until they reached an agreement, memorialized herein,

**WHEREAS,** the Parties, with counsel, negotiated in good faith and agreed on the key terms of settlement; and

**WHEREAS,** the Parties desire to resolve and settle the Action and the Claims in an amicable manner without the expense of further litigation;

**NOW, THEREFORE,** in consideration of the mutual covenants and promises contained in this Agreement and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree to the terms below as full and complete settlement of the Action and the Claims, subject to Court approval pursuant to applicable provisions of federal, state, and/or local law:

1. **Settlement Amount and Other Consideration**

    a. In full and final settlement of the Action, and in consideration for the release contained in Paragraph 2 of this Agreement, Defendants, jointly and severally, shall make a payment of Six Thousand Two Hundred and Fifty Dollars and Zero Cents ($6,250.00) (the "Settlement Amount") by August 15, 2021 or upon 5 days after court approval, whichever is later, by issuing a check for said sum payable to "Joseph & Kirschenbaum LLP, as Attorneys" and delivring it to said counsel at 32 Broadway, Suite 601, New York, New York 10004.

    b. Defendants shall issue IRS Tax Form 1099 to the Plaintiff for the payment received under this Agreement.

2. **Release of Wage and Hour Claims**

    In consideration for the promises and actions of Defendants set out in this Agreement, Plaintiff waives, releases, satisfies, and discharges Defendants, including their officers, directors, shareholders, members, agents, insurers, representatives, successors, and assigns, of and from the Claims and any and all other claim that was or could have been brought in the Action for unpaid salaries, minimum and/or overtime

2

wages, hours worked, spread-of-hours pay, liquidated damages, interest, statutory damages, attorneys' fees and costs, unlawful deductions, withheld tips, and/or any other benefits, earnings, or back pay of any kind under the FLSA, the NYLL, the WTPA, their respective interpretative and implementing regulations, and any other local, state, or federal statute, code, or ordinance concerning the payment and/or receipt of wages, except those which cannot be legally waived by law. This Agreement constitutes a full accord, satisfaction, and settlement of the claims settled, released, and waived in this Section and further constitutes a sufficient basis for immediate dismissal of such released claims asserted by Plaintiff against Defendants in any future action. Excepted from this release is any claim or right that cannot be waived by law, including claims arising after the date of this Agreement (including claims to enforce this Agreement) and the right to file a charge with or participate in an investigation conducted by the Equal Employment Opportunity Commission and/or a state administrative agency.

### 3. Stipulation of Dismissal

Following the execution of this Agreement by each of the Parties, the Parties' attorneys shall present this Agreement, along with the proposed Stipulation and Order of Dismissal with Prejudice (the "Order"), annexed as Exhibit A, to the Court for review and approval. Counsel for the Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the Order.

### 4. Non-Admission of Liability

Defendants do not admit any violation of law or any liability to Plaintiff as a result of or arising out of the matters set forth in the Complaint in the Action.

### 5. Attorneys' Fees and Costs

Plaintiff's attorneys shall retain $1,500 of the Settlement Payment as attorneys' fees in this matter. Plaintiff acknowledges that the attorneys' fees and costs allocated in this Agreement are fair and reasonable and in accordance with the Retainer Agreement executed by the Plaintiff in this case.

### 6. Applicable Law; Forum Selection

This Agreement shall be governed by and construed in accordance with the laws of the State of New York without reference to its conflicts or choice of law principles. The Parties consent to the jurisdiction of this Court for any litigation concerning or arising out of the terms of this Agreement or the Parties' performance of its terms. As part of this Agreement, the Parties jointly request that the Court retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Agreement.

7.  **Signatures in Counterparts**

    This Agreement can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all Parties had the same signature page. A facsimile copy, or Adobe PDF, of any Party's signature shall be deemed as legally binding as the original signatures.

8.  **Voluntary Agreement**

    Plaintiff represents and warrants that she have entered into this Agreement of her own free will and accord, not subject to coercion or undue influence. Plaintiff further represents and warrants that she is satisfied with the legal representation and services received from her attorneys, Joseph & Kirschenbaum LLP, and believe that the Settlement Amount and its distribution, as set forth in Section 1 above, represents a fair and reasonable compromise of the disputes in the Action.

9.  **Entire Agreement**

    This Agreement sets forth the entire agreement between the Parties, and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof.

10. **No Severability**

    If any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, this entire Agreement is thereby rendered illegal and invalid *ab initio*.

11. **Non-Waiver/No Modification**

    This Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by all Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the Party against whom such waiver is charged.

12. **Notices**

    Any Section of this Agreement that calls for notice to be sent to Plaintiff or Defendants shall be sent via email using the addresses and contact information below, unless a Party designates another address or different contact information in writing:

| If to Plaintiff: | If to Defendants, notice to: |
|---|---|
| D. Maimon Kirschenbaum, Esq.<br>Joseph & Kirschenbaum, LLC<br>32 Broadway, Suite 601<br>New York, NY 10004<br>Phone: (212) 688-5640<br>Fax: (212) 688-2548<br>maimon@jhllp.com | Robert N. Swetnick, Esq.<br>Dunnington Bartholow & Miller LLP<br>230 Park Avenue, 21st Floor<br>New York, New York 10169<br>Phone: (212) 349-2800<br>Fax: (212) 349-2944<br>rswetnick@dunnington.com |

**13.    Prevailing Party**

It is agreed that in any action resulting from a breach of this Agreement, the prevailing party in such an action will be entitled to costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s), in addition to any determined award.

**14.    Plaintiff understands, represents, and agrees that she:**

a.    has carefully reviewed and fully understood every provision of this Agreement prior to executing it;

b.    is, through this Agreement, releasing Defendants from any and all wage and hour claims, including the Claims in the Action, that Plaintiff has or may have against Defendants relating to her employment or her separation from employment with Defendants;

c.    and knowingly and voluntarily intend to be legally bound by all of the terms set forth in this Agreement.

Dated:    New York, New York
          October _____, 2021

*{Signature Page Immediately Following}*

| Plaintiff | Defendants |
|---|---|
| | Tamburi Trattoria Ltd. |
| *Valentina Veleva* (DocuSigned by: 1A7002A88FB5456...) | By:_____ |
| Valentina Veleva | |
| Dated: 10/15/2021 | Title:_____ |
| | Dated:_____ |
| | |
| | _____ |
| | Fabio Camardi |
| | Dated:_____ |

6

| Plaintiff | Defendants |
|---|---|
| | Tamburi Trattoria Ltd. |
| DocuSigned by: <br> _____ <br> 1A7002A88FB5456 <br> Valentina Veleva <br> Dated: 10/15/2021 | By: _____FABIO CAMARDI_____ <br><br> Title: _____PRESIDENT_____ <br><br> Dated: __10/22/21__ <br><br> _____ <br> Fabio Camardi <br> Dated: __10/22/21__ |

6

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
VALENTINA VELEVA, on behalf of herself and :
FLSA Collective Plaintiffs, :
 :
                              Plaintiff, :
 :
           -against- : 19-CV-10078 (VEC)(KNF)
 :
TAMBURI TRATTORIA LTD., and FABIO :
CAMARDI, :
 :
                        Defendants. X
-------------------------------------------------------------------

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS,** on October 30, 2019, Plaintiff filed a Complaint, which asserts claims for, *inter alia*, failure to pay minimum and overtime wages, missapropriated tips, and spread-of-hours pay, and liquidated statutory damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and/or the New York Labor Law;

**WHEREAS,** the parties reached a settlement of this action and Plaintiff's claims through arms-length negotiations and have entered into a Settlement Agreement and General Release (the "Agreement"), formally memorializing the parties' settlement;

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the FLSA, the New York Labor Law, and/or time worked; and

**WHEREAS,** this Court shall retain jurisdiction to enforce the terms of the Agreement;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. A copy of the signatures on this Stipulation serve the same purposes as an original signature.

Dated:  New York, New York
          December 1, 2021

| | |
|---|---|
| **JOSEPH & KIRSCHENBAUM, LLC** | **DUNNINGTON BARTHOLOW & MILLER LLP** |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

By:/s/ D. Maimon Kirschenbaum          By: /s/_____
   D. Maimon Kirschenbaum, Esq.            Robert N. Swetnick, Esq.
   32 Broadway, Suite 601                  230 Park Avenue, 21st Floor
   New York, New York 10004                New York, New York 10169
   Tel.: (212) 688–5640                    Tel.: (212) 349-2800

SO ORDERED.

_____
United States District Judge